**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20103-DMM**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRETT THOMAS GRAHAM,

Defendant,
_____________________________________________/

**ORDER**

THIS CAUSE came before the Court on the United States of America's Motion to Authorize the United States Marshals Service to Turn Over Property Belonging to the Defendant and to Appoint a Receiver to Marshal and Sell Defendant's Property, and to deposit the net sale proceeds with the Clerk of Court to apply toward the restitution judgment entered against Defendant, Brett Thomas Graham. The Court having reviewed Plaintiff's Motion, and being otherwise fully advised in the premises, is hereby:

**ORDERED AND ADJUDGED** that the Government's Motion to Authorize the United States Marshals Service to Turn Over Property Belonging to the Defendant and to Appoint a Receiver to Marshal and Sell Defendant's Property is **GRANTED**.

It is further, ORDERED AND ADJUDGED that:

1) The United States Marshals Service shall turn over the following property to George Richards of National Auction Company, 7958 Pines Boulevard, #506, Pembroke Pines, Florida 33024:

a. Item serial number 264043, purchased from Bulgari, described as "High jewelry necklace set in pink gold with Turquoise, 1 silver Coin (MACEDONIA - PHILIPPOS II - 359 - 336 B.C.), 6 cabochon cut Blue Sapphire (2.65 ct) and pave-set Diamonds (D - F IF - VVS 4.44 ct);"

b. Item serial number 264846, purchased from Bulgari, described as "High jewelry necklace in pink gold with 1 pear emerald (Zambia-10.62 ct), 1 fancy cut pink tourmaline (8.67 ct), 1 fancy cut blue topaz (8.63 ct), 1 fancy cut purple garnet (7.86 ct), 1 fancy cut amethyst (7.52 ct), 1 fancy cut citrine quartz (7.48 ct), 30 buff top rubies (3.65 ct) and pave-set diamonds (D-F IF-VVS 6.01 ct);"

c. Item serial number 267490, purchased from Bulgari, described as "High Jewelry earrings in pink gold with 7 rubellite beads (20.41 ct), 7 mandarin garnet beads (29 .83 ct), 10 round brilliant cut diamonds and pave-set diamonds (D-F IF-VVS 4.67 ct);"

d. Item serial number 266008, purchased from Bulgari, described as "High Jewelry ring in pink gold with mother of pearl elements, 1 oval mandarin garnet (16.85 ct), 32 step cut diamonds (F-G VVS-VS 3.57 ct), and pave-set diamonds (D-F IF-VVS 1.74 ct);"

e. Item serial number 268863, purchased from Bulgari, described as "High Jewelry ring in pink gold with 1 cushion rubellite (10.59 ct), 20 buff-top rubies (1.30 ct), 22 fancy shape diamonds (F-F VVS-VS 1.65 ct) and pave-set diamonds (D-F IF-VVS 1.85 ct);"

f. Item serial number 268601, purchased from Bulgari, described as "High Jewelry ring in white gold with 1 cushion tanzanite (12.83 ct), 32 fancy bufftop emeralds (0.70 ct) and pave-set diamonds (D-F IF-VVS 1.89 ct);"

g. Item serial number 271483, purchased from Bulgari, described as "High Jewelry earrings in pink gold with 1 round rubellite (2.09 ct), 1 round emerald (1.49 ct), 14 buff-top rubies (0.93 ct), 1 round amethyst (1.14 ct), 1 round topaz (2.53 ct}and pave-set diamonds (D-F IF-VVS 1.39 ct);"

h. Item serial number 270376, purchased from Bulgari, described as "High Jewelry necklace in pink gold with 1 oval cabochon purple quartz (37.06 ct), 1 oval cabochon rubellite (31.57 ct), 1 oval cabochon pink tourmaline (28.00 ct), and pave-set diamonds (D-F IF-VVS 3.29 ct);"

i. Item serial number 273631, purchased from Bulgari, described as High Jewelry Tubogas bracelet in pink gold with 1 oval cabochon cut rubellite (31.20 ct), and pave-set diamonds (D-F IF-VVS 1.78 ct);"

j. Jewelry item - gold locket - purchased from Von Gehr Luxury LLC dba Briony Raym;

k. Jewelry item - necklace - purchased from Pomellato New York;

l. Devan Shimoyama Painting seized from 1 Justice Park Drive, Houston, Texas.

2) George Richards of National Auction Company is hereby appointed as the Receiver to marshal and sell the property listed in paragraph 1(a-l) above belonging to the Defendant.

3) The proceeds obtained from the sale of the property listed in paragraph 1(a-l) above, after the payment of the Receiver's fees and costs including an 8% commission, shall be deposited with the Clerk of the Court, U.S. District Court, Southern District of Florida, Financial Section, 400 North Miami Avenue, 8th Floor North, Miami, Florida 33128, by cashier's check or electronic transfer, for payment towards the restitution judgment as ordered by the Court;

4) Any incidental necessary expenses incurred prior to the entry of this Order shall be advanced by the Receiver and repaid from the proceeds of said sale;

5) George Richards, as Receiver, shall be authorized to execute the appropriate documents to accomplish and finalize the sale and transfer of the property;

6) The Receiver and the Receiver's attorneys and agents: (i) may rely on any and all outstanding court orders, judgments, decrees and rules of law, and shall not be liable to anyone for their own good faith compliance with any such order, judgment, or decree or rule of law; (ii) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties; (iii) shall not be liable to anyone for their good faith compliance with their duties and responsibilities as receiver, or as attorney or agent for the Receiver; and (iv) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (iv), persons dealing with the Receiver shall only look to the Receivership assets to

satisfy any liability, and neither the Receiver nor her attorneys or agents shall have any personal liability to satisfy any such obligation;

7) No person or entity shall file suit against the Receiver, or take other action against the Receiver, without an order of this Court permitting a suit or action provided, however, that no prior Court order is required to file a motion in this action arising from the Receiver's gross negligence, gross or willful misconduct, malicious acts, and/or the failure to comply with this Order or any other order of this Court in this action. If a person or entity violates this prohibition, they will be liable for damages associated with such violation;

8) The Receiver and his employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, and/or the failure to comply with this Court's orders; and

9) The Clerk of the Court shall disburse the funds received from the sale of the subject property in accordance with 18 U.S.C. § 3612.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this 20th day of August 2026

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record